```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNE SOLOMON-SHRAWDER, et al. :     CIVIL ACTION
                                :
        v.                      :
                                :
CARDIONET, INC., et al.         :     NO. 09-3894
```

ORDER

AND NOW, this 22nd day of December, 2009, upon consideration of the motion of Central Laborers' Pension Welfare and Annuity Funds ("Central Laborers") for appointment as lead plaintiff and approval of its selection of counsel as co-lead counsel for the class (docket entry # 8), and the Court finding that:

(a)  The complaints in this consolidated case assert purported class action claims against the defendants under the federal securities laws;

(b)  In this type of case, we appoint a lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3);

(c)  Proper notice of the complaint has been published "in a widely circulated national business-oriented publication or wire service," as the statute requires, and we have already consolidated the two cases in our Court in which plaintiffs asserted "substantially the same claim or claims," § 78u-4(a)(3);

(d) There is a rebuttable presumption that the "most adequate plaintiff" is one who (1) filed a complaint or moved to serve as lead plaintiff, (2) "has the largest financial interest in the relief sought by the class," and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23, id.;

(e) Any member of the purported class may move to serve as lead plaintiff within sixty days of the publication of the notice, id., and only one such motion is pending in this case[1];

(f) Central Laborers filed a motion to serve as lead plaintiff and has the largest financial interest of which the Court is aware[2];

---

[1] On November 30, 2009, upon notice from the City of Ann Arbor that it wished to withdraw its motion to serve as lead plaintiff, we ordered the Clerk of Court to mark the City of Ann Arbor's motion as withdrawn. No other member of the class has filed a motion to serve as lead plaintiff.

The only other candidates for lead plaintiff are the three individuals who filed the complaints that we consolidated into this action. Two of those plaintiffs each bought 1,000 shares of CardioNet stock during the proposed class period, and the third bought 500 shares. Their financial interest pales in comparison to that of Central Laborers. See n.2, infra.

[2] Central Laborers claims that it purchased 18,184 shares of CardioNet stock during the proposed class period in the complaint that Kenneth J. Altshuler and Andrew E. Winslow filed (April 30, 2009 through July 10, 2009). Central Laborers bought 11,391 shares between April 30, 2009 and June 30, 2009, which is the proposed class period in the complaint that Dianne Solomon-Shrawder filed. After we appoint class counsel, we will order the
(continued...)

2

  (g) The two provisions of Rule 23 that are relevant to the appointment of the lead plaintiff are 23(a)(3) and 23(a)(4), In re Cendant Corp. Litigation, 264 F.3d 201, 263 (3d Cir. 2001);

  (h) Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and Rule 23(a)(4) mandates that "the representative parties will fairly and adequately protect the interests of the class";

  (i) Based on Central Laborers's submissions, we conclude that it "has made a prima facie showing of typicality and adequacy" and thus meets the requirements for there to be a rebuttable presumption that it is the most adequate plaintiff, Cendant Corp., 264 F.3d at 263;

  (j) There has been no attempt to rebut this presumption, and we know of no reason to question it;

  (k) We will therefore appoint Central Laborers as lead plaintiff for this purported class action;

---

[2] (...continued)
lead plaintiff to file an amended consolidated complaint with one class period.

(l)   Central Laborers also moves for appointment of the law firms Barrack, Rodos & Bacine ("BR&B") and Branstetter, Stranch & Jennings, PLLC ("BS&J"), as co-lead class counsel;

(m)   Pursuant to § 78u-4(a)(3), "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class";

(n)   BR&B and BS&J each have a lengthy history of representing clients in complex class action litigation, including securities cases;

(o)   BR&B has notably served as co-lead counsel in In re World Com, Inc. Securities Litigation, No. 09-cv-3288 (S.D.N.Y.), and In re Cendant Corp. Securities Litigation, No. 09-cv-1664 (D.N.J.);

(p)   BR&B is currently serving as co-lead counsel for the lead plaintiff in In re American International Group, Inc. 2008 Securities Litigation, No. 08-cv-4772 (S.D.N.Y.);

(q)   BS&J has represented clients in many securities and derivative class action cases, as well as in other areas, primarily in Tennessee;

(r)   There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention," and our "inquiry is

appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms," Cendant Corp., 264 F.3d at 276;

  (s) We should consider "(1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel," id.;

  (t) On the record that Central Laborers submitted regarding BR&B and BS&J, we conclude that Central Laborers is a sophisticated plaintiff and that these law firms are qualified to represent the class, but we have no basis to evaluate the other three factors listed above;

  (u) We will therefore deny Central Laborers's motion for appointment of lead counsel and require it to file a motion with evidence -- e.g., affidavits -- that addresses all five factors that our Court of Appeals has obliged us to consider;

It is hereby ORDERED that:

1. The motion of Central Laborers for appointment as lead plaintiff and approval of its selection of counsel as co-lead counsel for the class (docket entry # 8) is GRANTED IN PART;

2. Central Laborers is APPOINTED to serve as lead plaintiff in this consolidated action;

3. By January 15, 2010 Central Laborers shall FILE an amended motion for approval of its selection of class counsel with the supporting documentation described above; and

4. The Clerk of Court shall TRANSFER this case from our Active Docket to our Civil Suspense docket pending appointment of class counsel.

BY THE COURT:

/s/ Stewart Dalzell, J.