```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNE SOLOMON-SHRAWDER, et al. :     CIVIL ACTION
                                :
       v.                       :
                                :
CARDIONET, INC., et al.         :     NO. 09-3894
```

ORDER

AND NOW, this 3rd day of February, 2010, upon consideration of the amended motion for approval of co-lead counsel for the putative class (docket entry # 27), and the Court finding that:

(a)  On December 22, 2009, pursuant to 15 U.S.C. § 78u-4 we appointed Central Laborers' Pension Welfare and Annuity Funds ("Central Laborers") as the lead plaintiff in this putative securities class action case;

(b)  Central Laborers having been appointed as lead plaintiff because it is the "most adequate plaintiff," it "shall, subject to the approval of the court, select and retain counsel to represent the class," 15 U.S.C. § 78u-4(a)(3)(B)(v);

(c)  Central Laborers previously moved for appointment of the law firms Barrack, Rodos & Bacine ("BR&B") and Branstetter, Stranch & Jennings, PLLC ("BS&J"), as co-lead counsel for the putative class, and it has filed an amended motion to that end;

(d)  In our Order of December 22, 2009, we explained that there is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention," and our "inquiry is appropriately limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms," <u>In re Cendant Corp. Litigation</u>, 264 F.3d 201, 276 (3d Cir. 2001);

(e)  We should consider "(1) the quantum of legal experience and sophistication possessed by the lead plaintiff; (2) the manner in which the lead plaintiff chose what law firms to consider; (3) the process by which the lead plaintiff selected its final choice; (4) the qualifications and experience of counsel selected by the lead plaintiff; and (5) the evidence that the retainer agreement negotiated by the lead plaintiff was (or was not) the product of serious negotiations between the lead plaintiff and the prospective lead counsel," <u>id.</u>;

(f)  On December 22, 2009, we concluded that Central Laborers is a sophisticated plaintiff and that BR&B and BS&J are qualified to represent the putative class, but we had no basis at that time to evaluate the other three factors in <u>Cendant</u>, Order, Dec. 22, 2009 at ¶ (t);

(g)  We therefore ordered Central Laborers to file an amended motion for approval of class counsel and submit evidence regarding the remaining three factors;

(h)  Central Laborers attached to its amended motion the declaration of Dan Koeppel, who is Central Laborers' Executive Director, Decl. of Dan Koeppel, Am. Mot. Ex. 1 ("Koeppel Decl.") at ¶ 2;

(i)  Koeppel explained the manner in which Central Laborers chose which law firms to consider, how it made its final choice, and the agreement between Central Laborers and the law firms;

(j)  BS&J has previously represented Central Laborers and suggested that Central Laborers retain BS&J <u>and</u> BR&B because BR&B is located in Philadelphia, has extensive experience in this subject matter, and has worked well with BS&J in the past, <u>id.</u> at ¶¶ 5-6;

(k)  Koeppel also described the agreement between Central Laborers and the two law firms and explained that the firms will represent the putative class "on a fully contingent basis," <u>id.</u> at ¶ 10;

(l)  At the conclusion of the case and with Central Laborers, BS&J and BR&B will "evaluate the result achieved in the

3

case and decide upon an appropriate fee and expense application that Proposed Lead Counsel [BR&B and BS&J] will file with the Court only with the express approval of [Central Laborers] and subject to Court review," id. at ¶ 13;

(m) Koeppel confirms that Central Laborers' selection of counsel "was the result of a deliberate process, based on its knowledge of the case, knowledge of the Proposed Lead Counsel firms, the commitments made by Proposed Lead Counsel, and the Lead Plaintiff's prior experience as a lead plaintiff in federal securities law class cases," id. at ¶ 15;

(n) Koeppel's sworn declaration satisfactorily addresses the three remaining Cendant factors;

(o) Central Laborers' selection of and agreement with BR&B and BS&J are reasonable, and we will therefore grant the amended motion to appoint BR&B and BS&J as co-lead counsel for the putative class;

It is hereby ORDERED that:

1. The amended motion for approval of co-lead counsel for the putative class (docket entry # 27) is GRANTED;

2. Barrack, Rodos & Bacine and Branstetter, Stranch & Jennings, PLLC, are APPOINTED as co-lead counsel for the putative class in this consolidated case;

3. Central Laborers shall FILE an amended consolidated complaint by February 19, 2010;

4. By March 5, 2010, Central Laborers shall SERVE all defendants with its amended consolidated complaint and file proof of service with the Court; and

5. All defendants who have been served by March 5, 2010 shall RESPOND to the amended consolidated complaint by March 26, 2010.

BY THE COURT:

/s/ Stewart Dalzell, J.